# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PREFERRED MUTUAL INSURANCE ) <br> COMPANY a/s/o ERIC GUZIK, ) <br> Plaintiff, ) <br>  ) <br> v.  ) <br>  ) <br> AHERN INSPECTION SERVICE, LLC. ) <br> Defendant. ) <br> ) | Civ. Act No.: <br><br> **COMPLAINT AND JURY CLAIM** |

## PARTIES

1. The Plaintiff, Preferred Mutual Insurance Company, is an insurance company authorized to conduct business in the Commonwealth of Massachusetts with its principal place of business at One Preferred Way, New Berlin, New York.

2. The Plaintiff is subrogated to the rights of its insured, Eric Guzik, 83 Bray Road, Buckland, Franklin County, Commonwealth of Massachusetts, for property damage to Guzik's home.

3. The Defendant, Ahern Inspection Service, LLC, maintains a principal place of business located at 144 Federal Street, Northampton, Hampshire County, Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are of citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00

5. Venue is properly laid in this judicial district because the events giving rise to Plaintiff's claims occurred in this district, Plaintiff's insured owns property located in

the Commonwealth, and the relevant acts and omissions as alleged occurred in this district.

## FACTS

6. Prior to and on April 23, 2012, Guzik owned the property located at 83 Bray Road, Buckland, Franklin County, Commonwealth of Massachusetts.

7. At all times material hereto, Preferred Mutual provided property insurance to Guzik for the premises located at 83 Bray Road, Buckland, Franklin County, Commonwealth of Massachusetts.

8. On or about October 26, 2011, the Plaintiff's insured contracted with the Defendant for a home inspection for the property located at 83 Bray Road, Buckland, Massachusetts.

9. At that time, the Defendant inspected the foundation and stated in the inspection report: "Foundation Cracks:  significant cracking with differential movement.  The right side foundation wall has heavy cracking and inward bowing and could use exterior excavation and drainage as well as interior support or wall replacement.  The rear block wall on the right side rear and bulkhead have frost heaved and have heavy differential movement and would need exterior excavation and drainage as well as rebuilding."

10. The Defendant further noted in the repair summary:  "The right side front foundation has bowed inward from frost pressure.  Adding a stone drain and interior walls supports or replacing the foundation section would be necessary to improve this.  The rear right side foundation and bulkhead foundation have heavy separation and heaving as well."

11. On or about January 16, 2012, the Defendant supplemented the inspection report to provide, in pertinent part: "On or about October 26, 2011, I inspected a house for Eric Guzik at 83 Bray Road in Buckland, Ma. The foundation had past fractures but did not appear to be in imminent danger of collapse."

12. On or about April 23, 2012, the right side foundation wall collapsed and crushed an oil tank which in turn caused a significant oil spill.

13. Pursuant to its respective policy of insurance, Preferred Mutual has been required to make payments on behalf of its insured in the amount of $183,574.80 to repair the property, remediate the oil damage and provide for additional living expenses.

## Count I:  Negligence
Plaintiff v. Ahern Home Inspection, LLC

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1-13 as if same were fully set forth at length herein.

15. The Defendant, in the course inspecting the Plaintiff's insured's home, owed the Plaintiff a duty to properly, pursuant to 266 C.M.R., sec. 6.04(3)(a)(3), to report on readily accessible and observable structural components of the foundation.

16. The Defendant breached its duty of care by negligently representing on January 16, 2012, that the right side foundation wall was not in "imminent danger of collapse," when, in fact, as set forth in the Defendant's October 26, 2011 report, "[t]he right side foundation wall has heavy cracking and inward bowing and could use exterior excavation and drainage as well as interior support or wall replacement.  The rear block wall on the right side rear and bulkhead have frost heaved and have heavy differential movement and would need exterior excavation and drainage as well as rebuilding."

17. To the extent the Defendant offered an opinion that the right side foundation wall was not in imminent danger of collapse, the Defendant breached his duty of care pursuant to 266 C.M.R. sec. 6.02(1), to provide an inspection report "that forthrightly discloses the physical conditions of the systems and components . . . including those systems and components, which are Safety Hazards as Observed at the time of the inspection."

18. As a direct and proximate result of the Defendant's negligent, careless, and/or reckless conduct, Preferred Mutual's insured, suffered substantial losses and damage

to their property, as well as additional expenses and other incidental and consequential damages in the amount of $183,574.80.

**WHEREFORE**, Plaintiff, Preferred Mutual Insurance Company, hereby demands judgment in its favor and against the Defendant, together with pre and post judgment interest, costs and such other damages as may be properly awarded by the Court.

### Count II:  Breach of Contract
Plaintiff v. Ahern Home Inspection, LLC

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1-18 as if same were fully set forth at length herein.

20. The Defendant contracted with the Plaintiff's insured's to provide a home inspection report.

21. The Defendant breached its contract by failing to provide a home inspection report in conformity with the standards set forth in "Standards of Practice" for Home Inspectors, 266 C.M.R. sec 6.00 et. seq.

22. As a direct and proximate result of the Defendant's breach of contract, Preferred Mutual's insured, suffered substantial losses and damage to their property, as well as additional expenses and other incidental and consequential damages in the amount of $183,574.80.

**WHEREFORE**, Plaintiff, Preferred Mutual Insurance Company, hereby demands judgment in its favor and against the Defendant, together with pre and post judgment interest, costs and such other damages as may be properly awarded by the Court.

## *JURY CLAIM*

Plaintiff demands a trial by jury on all counts.

                      Respectfully Submitted,
                      For the Plaintiff,
                      By Its Attorneys

                      /S/ Matthew W. Perkins
                      Matthew W. Perkins, BBO #564868
                      Lecomte, Emanuelson, and Doyle
                      Batterymarch Park II,
                      One Pine Hill Drive, Suite 105
                      Quincy, MA  02169
                      (617) 328-1900
                      mperkins@lecomtelaw.com

Dated: June 16, 2014